## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHRISTMAS TREE SHOPS, LLC, et al.,[1]<br><br>　　　　　　　　　　　Debtors. | Chapter 7<br><br>Case No: 23-10576 (TMH)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of CHRISTMAS TREE SHOPS, LLC, *et al.*,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>CHAIN STORE MAINTENANCE, INC.,<br><br>　　　　　　　　　　　Defendant. | Adversary Proceeding 25-50833-TMH |

## DEFENDANT CHAIN STORE MAINTENANCE INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES
## TO THE COMPLAINT

Chain Store Maintenance, Inc., the defendant in the above-referenced adversary proceeding (the "Defendant"), by and through its undersigned counsel, hereby answers the Complaint of George Miller, Chapter 7 Trustee (the "Plaintiff").

## BACKGROUND

1.　　The Defendant is informed and believes that the status of the case is as reflected in the Court record. To the extent a response is required, the Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

---

[1] The Debtors in the chapter 7 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

2.      The Defendant is informed and believes that the status of the case is as reflected in the Court record. To the extent a response is required, the Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

## THE PARTIES

3.      In response to Paragraph 3, the Defendant is informed and believes that the status of the case is as reflected in the Court records. Further, Paragraph 3 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, the Defendant denies each and every allegation of paragraph 3 of the Complaint and that the Plaintiff is entitled to the relief sought in the Complaint.

4.      In response to paragraph 4 of the Complaint, the Defendant admits  paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.      Paragraph 5 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, the Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint. The Defendant affirmatively objects to jurisdiction in this case and specifically denies jurisdiction and does not waive any objection connected to jurisdiction. The Defendant reserves its right to a jury trial before the District Court, and does not consent to the entry of a final order by the Bankruptcy Court.

6.      Paragraph 6 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, the Defendant denies that the Bankruptcy Court has jurisdiction to enter final orders or judgments in this adversary proceeding. The Defendant does not consent to the entry of final orders or judgment by this Bankruptcy Court.

7.      Paragraph 7 of the Complaint contains statements and legal conclusions to which

no response is required. To the extent a response is required, the Defendant denies that the Bankruptcy Court has jurisdiction to enter final orders or judgments in this adversary proceeding. The Defendant does not consent to the entry of final orders or judgment by this Bankruptcy Court.

8.      In response to Paragraph 8, the Defendant admits that venue is proper, but only if the Court finds jurisdiction over the Defendant.

## BASIS FOR RELIEF REQUESTED

9.      Paragraph 9 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, the Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

## FACTS

10.      The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 10 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 10 of the Complaint.

11.      The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 11 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 11 of the Complaint.

12.      The Defendant admits only that a document identified in paragraph 12 of the Complaint is attached as Exhibit "A". Except as so admitted, the Defendant denies each and every allegation of Paragraph 12 of the Complaint and denies Exhibit "A".

13.      The Defendant admits only that a document identified in paragraph 13 of the Complaint is attached as Exhibit "A". Except as so admitted, the Defendant denies paragraph 13 of the Complaint and denies Exhibit "A".

14.      The Defendant is without knowledge or information sufficient to form a belief as

to the truth of the allegation in paragraph 14 of the Complaint. Further, Paragraph 14 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, the Defendant denies paragraph 14 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(Avoidance of Preferential Transfers– 11 U.S.C. § 547)**

15.     The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 14 above.

16.     The Defendant admits only that a document identified in paragraph 16 of the Complaint is attached as Exhibit "A". Except as so admitted, the Defendant denies each and every allegation of paragraph 16 of the Complaint and denies Exhibit "A".

17.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 17 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 17 of the Complaint.

18.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 18 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 18 of the Complaint.

19.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 19 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 19 of the Complaint.

20.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 20 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 20 of the Complaint.

21.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 21 of the Complaint. To the extent a response is required,

the Defendant denies each and every allegation of paragraph 21 of the Complaint.

22.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 22 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 22 of the Complaint.

23.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 23 of the Complaint. To the extent a response is required, the Defendant denies each and every allegation of paragraph 23 of the Complaint.

24.     In response to paragraph 24 of the Complaint, the Defendant denies paragraph 24 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**(For Recovery of Property –11 U.S.C. § 550)**

25.     The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 24 above.

26.     In response to paragraph 26 of the Complaint, the Defendant denies paragraph 26 of the Complaint.

27.     In response to paragraph 27 of the Complaint, the Defendant denies paragraph 27 of the Complaint.

**WHEREFORE**, based upon the foregoing, the Transfers are not recoverable by the Plaintiff. The Defendant requests that the Court deny the Plaintiff's requests for relief and award the Defendant such other and further relief as the Court may deem just and proper, including but not limited to attorneys' fees incurred in the defense of this action.

**AFFIRMATIVE DEFENSES**

Without undertaking any burden of proof not otherwise assigned to it by law, Defendant asserts the following affirmative defenses with respect to the claims the Plaintiff asserts in the

Complaint:

## FIRST AFFIRMATIVE DEFENSE

28.     The Plaintiff is barred from recovering the alleged preferential transfers pursuant

to 11 U.S.C § 547 (the "Alleged Preferential Transfers") to the extent that the Alleged Preferential

Transfers were:

> (A) in payment of a debt or debts incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and the Defendant;
>
> (B) made in the ordinary course of business or financial affairs of the Debtor and the Defendant; or
>
> (C) made according to ordinary business terms.

29.     Pursuant to 11 U.S.C. § 547(c)(2) such Alleged Preferential Transfers are not

avoidable by the Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

30.     Pursuant to 11 U.S.C. § 547(c)(1), the Plaintiff is barred from recovering the

Alleged Preferential Transfers to the extent that the Transfer was: (A) intended by the Debtor and

the Defendant to be a contemporaneous exchange for new value given to the Debtor; and (B) in

fact a substantially contemporaneous exchange.

## THIRD AFFIRMATIVE DEFENSE

31.     Pursuant to 11 U.S.C. § 547(c)(4), the Plaintiff is barred from recovering the

Alleged Preferential Transfers to the extent that, after such Preferential Transfers, the Defendant

gave new value to or for the benefit of the Debtor that was: (A) not secured by an otherwise

unavoidable security interest; and (B) on account of which new value the Debtor did not make an

otherwise unavoidable transfer to or for the benefit of the Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

32.    The claims of the Plaintiff are barred, in whole or in part, pursuant to 11 U.S.C. § 550(b) by reason that Defendant, to the extent it took any transfer(s), took the alleged transfers for value, in good faith, and without knowledge of the voidability of the alleged transfers.

**FIFTH AFFIRMATIVE DEFENSE**

33.    The Plaintiff's actions are barred to the extent that the Defendant has an earmarking or a conduit defense.

**SIXTH AFFIRMATIVE DEFENSE**

34.    The Plaintiff is barred from recovering, in whole or in part, by the doctrines of laches, or waiver and/or estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

35.    The Plaintiff's claims are barred by all applicable state and federal statutes of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

36.    The Plaintiff's claims are barred in whole or in part by setoff and/or recoupment.

**NINTH AFFIRMATIVE DEFENSE**

37.    The Defendant denies these allegations to the extent that the Defendant was not an initial transferee within the meaning of 11 U.S.C. § 550 and acted as a mere conduit.

**TENTH AFFIRMATIVE DEFENSE**

38.    The Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during the discovery process in this action, and hereby reserves the right to amend its answer to assert any such defenses. The assertion of the above defenses by Defendant is not intended and should not be deemed or construed to alter or shift any burden of proof Plaintiff may have in connection with the claims asserted in the

Complaint.

**<u>JURY TRIAL IS DEMANDED AS TO ALL ALLEGATIONS, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS, IF ANY.</u>**

Dated: July 11, 2025.

**Respectfully submitted,**


**The Law Office of James Tobia, LLC**
By: */s/ James Tobia*
James Tobia, Esquire (I.D. No. 3798)
1716 Wawaset Street
Wilmington, DE 19806
Tel. (302) 655-5303
Fax (302) 656-8053
Email: jtobia@tobialaw.com

**-and-**

**JONES & ASSOCIATES**

By: */s/ Roland Gary Jones*
Roland Gary Jones, Esq.
New York Bar No. RGJ-6902
1325 Avenue of the Americas
28th Floor
New York, NY 10019
Tel. (347) 862-9254
Fax (212) 202-4416
Email: rgj@rolandjones.com

*Pro Hac Vice Application to be filed*

*Counsel for the Defendant*

8